Itria Ventures LLC v Beaver St. Pizza LLC (2021 NY Slip Op 02874)





Itria Ventures LLC v Beaver St. Pizza LLC


2021 NY Slip Op 02874


Decided on May 06, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 06, 2021

Before: Renwick, J.P., Kapnick, Singh, Kennedy, JJ. 


Index No. 656129/18 Appeal No. 13778 Case No. 2019-5339 

[*1]Itria Ventures LLC, Plaintiff-Appellant,
v
Beaver Street Pizza LLC et al., Defendants-Respondents.


Law Offices of Nicholas Panzini, Copiague (Mitchell Seidman of counsel), for appellant.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered July 5, 2019, which, to the extent appealed from, denied plaintiff's motion to seize collateral located at the premises of defendant Beaver Street Pizza (Beaver Street) pursuant to CPLR 7102 and UCC 9-609(a) or, in the alternative, to appoint a temporary receiver for Beaver Street pursuant to CPLR 5228 and 6401, unanimously affirmed, without costs.
Plaintiff has not established that it is entitled to the remedy of seizing the collateral in Beaver Street's possession, which requires a showing of the "probability of success on the merits" (East Side Car Wash v K.R.K. Capitol, 102 AD2d 157, 161 [1st Dept 1984], appeal dismissed 63 NY3d 770 [1984]). Plaintiff has failed to make such an evidentiary showing or to otherwise support its assertion that this Court should grant the ultimate relief it is seeking at the outset of the case. Plaintiff's probability of success is also impacted by the fact that it is seeking to remove fixtures in the restaurant that may be the property of the nonparty landlord (see id. at 161).
Nor did the court improvidently exercise its discretion in denying the motion to appoint a receiver (see Hotel 71 Mezz Lender LLC v Falor, 14 NY3d 303, 317 [2010]). A motion to appoint a receiver should be granted only where there appears to be a "special reason" for doing so (id. [internal quotation marks omitted]) Under CPLR 6401(a), it is necessary to show that the property in question is in danger of being "removed from the state, or lost, materially injured or destroyed." Plaintiff has made no such showing. To the extent the collateral is presently in the possession of Beaver Street, plaintiff does not allege that Beaver Street is in the process of trying to move the property out of state or that the property is in danger of being lost, materially injured, or destroyed. By all accounts, Beaver Street is simply operating the pizzeria in the ordinary course of business, and there has been no showing that Beaver Street is insolvent or related to the debtor, or that Beaver Street did not pay a substantial sum to obtain the collateral. Thus, there is no "special reason" for a receiver to be appointed.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 6, 2021